**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| DAMETRICE BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00012-PLC |
| ) | |
| SETH CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 18, 2025, the Court granted Plaintiff's Application to proceed in forma pauperis and assessed an initial partial filing fee of $2.14, and ordered Plaintiff to pay that fee by April 17, 2025. *See* (ECF No. 10). The Court cautioned Plaintiff that his failure to pay the fee or show that he had no assets and no means to do so would result in the dismissal of this case, without prejudice and without further notice.

From March 27, 2025 to April 16, 2025, Plaintiff filed 5 documents: a document purporting to supplement the complaint (ECF No. 11); an additional form Application to Proceed in District Court Without Prepaying Fees or Costs and inmate account statement (ECF Nos. 12-13); an amended complaint (ECF No. 14); and a letter concerning his earlier-filed civil case. (ECF No. 15). In the additional Application, Plaintiff stated he had received no pay or wages or other income, but the additional account statement showed he had received monthly payroll deposits of $7.50 and maintained an average monthly account balance of $10. Plaintiff did not try to show he was unable to pay the initial partial filing fee, or mention the initial partial filing fee, in any of the documents.

The Court reviewed Plaintiff's additional filings, and in an order dated April 28, 2025, explained that they failed to show Plaintiff's inability to pay the initial partial filing fee. *See* (ECF No. 16). On its own motion, the Court extended the deadline to May 8, 2025, and again cautioned Plaintiff that his failure to timely pay the initial partial filing fee would result in the dismissal of this case without prejudice and without further notice. *See id.* To date, however, Plaintiff has not complied with the March 18, 2025 order or sought additional time to do so.

The Court gave Plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and *sua sponte* gave him additional time to comply. This Court finds that Plaintiff's failure to comply with the March 18, 2025 order warrants dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Because the Court has the discretion to dismiss this action without prejudice, the Court concludes an appeal from this dismissal would not be taken in good faith. *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders."); *see also Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 19th day of May, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE